IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME E. TODD,
    Petitioner,

vs.  Case No. 5:10cv304/SPM/MD

UNITED STATES OF AMERICA,
    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner initiated this action on November 19, 2010, by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). The petition was not on the court form and was not accompanied by the filing fee or a motion to proceed *in forma pauperis*.

Accordingly, on December 8, 2010, the court issued an order requiring petitioner to file an amended petition along with two service copies, and to either pay the filing fee or submit a complete application for leave to proceed *in forma pauperis*. Petitioner was given twenty-eight days in which to comply with the order and was warned that failure to do so would result in a recommendation that this case be dismissed. (Doc. 3).

Petitioner did not respond to the order. Accordingly, on January 14, 2011, the court issued an order directing petitioner to show cause within fourteen days why this case should not be dismissed for failure to comply with an order of the court (Doc 4). That deadline has passed, and petitioner has neither responded to the order to show cause, nor complied with the court's December 8, 2010 order.

**Accordingly, it is respectfully RECOMMENDED:**

**1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.**

**2. That the clerk be directed to close the file.**

**At Pensacola, Florida, this 10<u>th</u> day of February, 2011.**

<u>*/s/ Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**